IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 22-256 |
| STEPHEN McCARTHY | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The defendant was charged in an Indictment with making threats to a law enforcement officer in violation of Title 18, United States Code, Section 115(a)(1)(B). The charges arose from an incident during which he made a series of threatening phone calls to a DEA Diversion Investigator.

### I. BACKGROUND

McCarthy's offense conduct is accurately recounted in the PSR at ¶¶ 10-16. In sum, McCarthy was under investigation for his alleged unlawful prescription of steroids and amphetamines to bodybuilders in the Allentown area. On July 8, 2022, McCarthy called the investigator in that case and made threats such as "I'm going to cut off your penis and shove it down your throat." He also asked, "Do you have a family? Kids?" and wanted to know if the Investigator had people that he "cared about." McCarthy also asked the Investigator, "Where do you live?" McCarthy also challenged the investigator to "(c)ome to my house, and we'll talk and see what happens to you then."

McCarthy's threats were overheard by other DEA personnel, since the investigator had put McCarthy's call on speakerphone. McCarthy followed his initial call with several more, which were recorded by the investigator's wife (who is also a DEA investigator).

## THE SENTENCING CALCULATION

A.   <u>Statutory Maximum Sentence</u>:

As to the sole count of the indictment: 6 years' imprisonment, a 3-year period of supervised release, a $250,000 fine, and a $100 special assessment.

B.   <u>Sentencing Guidelines Calculation</u>:

The government agrees that The defendant is properly assigned to Criminal History Category I, PSR¶ 34; and that his offense level is properly set at 12. PSR¶ 30. This yields a guideline range of 10-16 months. PSR¶ 81.

<u>The 18 U.S.C. § 3553(a) factors</u>:

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence in this case is that recommended and agreed upon by the parties.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." <u>Gall v. United States</u>, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or

vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.   18 U.S.C. § 3553(a).[1]

<ins>Consideration of the 3553(a) Factors</ins>.

(1)   The nature and circumstances of the offense and the history and characteristics of the defendant:

The defendant's crimes were serious; he made threats to a the federal investigator who was investigating him. He was on ARD arising from a state court assault case at the time. He has no prior convictions, however. The recommended sentence takes these competing factors into consideration.

(2)   The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense:

Due entirely to his own actions, McCarthy spent over three months in jail. He will be supervised for three more years by the Probation Department. Such a punishment is appropriate and necessary to reflect the seriousness of his crime.

(3)   The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant:

The recommended sentence reflects approximately three months McCarthy, who never before spent time in custody- sat in jail, an experience that should serve to deter him from future

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" <ins>United States v. Dragon</ins>, 471 F.3d 501, 506 (3d Cir. 2006) (quoting <ins>United States v. Navedo-Concepcion</ins>, 450 F.3d 54, 58 (1st Cir. 2006)).

crimes, as will any period of supervision the Court imposes. General deterrence is also served. Those contemplating similar violations of law would be deterred at the prospect of a similar punishment.

    (4)    The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner:

The defendant appears to need ongoing mental health counseling, and is receiving it already. He can continue to do so without interruption while serving the supervised release portion of the recommended sentence. He holds a master's degree and neds no vocational or educational training.

    (5)    The guidelines and policy statements issued by the Sentencing Commission:

The recommended sentence satisfies the guidelines.

    (6)    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct:

The government believes that this sentence would be consistent with others similarly situated.

    (7)    The need to provide restitution to any victims of the offense:

There is no restitution in this case.

## II.     CONCLUSION

In light of the above, the government recommends that the Court impose the time served sentence agreed upon by the parties.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


*/s/ Joseph LaBar*
JOSEPH A. LaBAR
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Government's Sentencing Memorandum has been served this date via e filing to the following defense counsel:

> COLEY O. REYNOLDS
> 121 S. Broad Street, Suite 1200
> Philadelphia, PA 19107
> cor@reynoldsfirm.com

> */s/ Joseph LaBar*
> JOSEPH A. LaBAR
> Assistant United States Attorney

Date: September 5, 2023